CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Emmanuel Ramirez**, <br><br> Plaintiff, <br><br> v. <br><br> **Frederick H. Leeds,** Trustee of the Frederick H. Leeds Intervivos Trust and of the Maximilian R. Leeds Family Trust; <br> **Maximilian R. Leeds,** Trustee of the Maximilian R. Leeds Family Trust; <br> **Toni G. Azzi**, Trustee of the Toni G. Azzi Living Trust; and Does 1-10, <br><br> Defendants. | Case No. **2:18-CV-08037-FMO-MRW** <br><br> **First Amended Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Emmanuel Ramirez complains of Defendant Frederick H. Leeds**,** Trustee of the Frederick H. Leeds Intervivos Trust and of the Maximilian R. Leeds Family Trust; Maximilian R. Leeds**,** Trustee of the Maximilian R. Leeds Family Trust; Toni G. Azzi, Trustee of the Toni G. Azzi Living Trust; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He suffers from Muscular Dystrophy, cannot walk, and uses a wheelchair for mobility.

2. Defendant Frederick H. Leeds, in individual and representative capacity as the trustee of the Frederick H. Leeds Intervivos Trust and of the Maximilian R. Leeds Family Trust, owned the real property located at or about 913 N. Sunset Avenue, La Puente, California, in August 2018.

3. Defendant Frederick H. Leeds, in individual and representative capacity as the trustee of the Frederick H. Leeds Intervivos Trust and of the Maximilian R. Leeds Family Trust, owns the real property located at or about 913 N. Sunset Avenue, La Puente, California, currently.

4. Defendant Maximilian R. Leeds, in individual and representative capacity as the trustee of the Maximilian R. Leeds Family Trust, owned the real property located at or about 913 N. Sunset Avenue, La Puente, California, in August 2018.

5. Defendant Maximilian R. Leeds, in individual and representative capacity as the trustee of the Maximilian R. Leeds Family Trust, owns the real property located at or about 913 N. Sunset Avenue, La Puente, California, currently.

6. Defendant Toni G. Azzi, in individual and representative capacity as the trustee of the Toni G. Azzi Living Trust, owned the real property located at or about 913 N. Sunset Avenue, La Puente, California, in August 2018.

7. Defendant Toni G. Azzi, in individual and representative capacity as the trustee of the Toni G. Azzi Living Trust, owns the real property located at or about 913 N. Sunset Avenue, La Puente, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their

relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the property in August 2018 to shop at Carniceria La Lupita ("Store").

13. The Store is a facility open to the public, a place of public accommodation, and a business establishment.

14. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store.

15. Although there were shelves and merchandise aisles open to customers for shopping, many paths of travel in and throughout these merchandise aisles were not accessible because the defendants had a practice of placing merchandise and merchandise display on the route of travel restricting passage to less than 36 inches in width.

16. In fact, the narrowest pathway was about 10 inches wide. This is simply too narrow for plaintiff. Plaintiff, because of the narrow aisles, got stuck and could not maneuver his wheelchair.

17. The walkway leading to the entrance of the Store had cross slopes of as much as 2.9%. This is inaccessible to plaintiff.

18. Currently, although there are shelves and merchandise aisles open to customers for shopping, many paths of travel in and throughout these merchandise aisles are not accessible to wheelchair users because the defendants have a practice of placing merchandise and merchandise display on the route of travel restricting passage to less than 36 inches in width.

19. Currently, the walkway leading to the entrance of the Store has cross slopes of as much as 2.9%.

20. Plaintiff personally encountered these barriers.

21. This inaccessible facility denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

22. Unfortunately, and even though the plaintiff did not personally confront the barrier, the produce bags are located so that the highest operable parts are greater than 54 inches above the finish floor and inaccessible to wheelchair users. In fact, the produce bags are 76 inches high.

23. Plaintiff plans to return and patronize the Store but is deterred from visiting until the defendants remove the barriers.

24. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

disabilities.

25. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

26. Plaintiff is deterred from returning and patronizing the Store because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Store as a customer once the barriers are removed.

27. Given obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

28. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29. Under the ADA, it is an act of discrimination to fail to ensure that the

privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

30. Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

31. Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.

32. Nowhere shall the cross slope of an accessible route exceed 2.1%. 1991

Standards §4.3.7. 2010 Standards § 403.3.

33. Here, the slopes along the walkways exceeded the levels allowed by law.

34. If controls, dispensers, receptacles or other equipment are provided, they must be on an accessible route and be mounted so that their highest operable parts are no greater than 54 inches above the floor. 1991 Standards § 4.22.7; 4.27.

35. Here, the failure to ensure that the produce bags met the height requirement is a violation of the ADA.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

37. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

38. Given its location and options, plaintiff will continue to desire to patronize the Store but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal.

Civ. Code §51(b).

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

41. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

42. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 30, 2018

CENTER FOR DISABILITY ACCESS

/s/ Amanda Lockhart Seabock

By: ______________________________

Amanda Lockhart Seabock, Esq.
Attorney for plaintiff